**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1956-19

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

ASMAR BEASE, a/k/a
AZMAR BEASE, ASMAIR
ZA AZ, ASMAIR ZAHBIT,
and ASMAR ZABIT,

     Defendant-Appellant.

_____

Argued December 2, 2021 – Decided December 13, 2021

Before Judges Alvarez and Haas.

On appeal from the Superior Court of New Jersey, Law Division, Passaic County, Indictment No. 09-01-0006.

Alan Dexter Bowman argued the cause for appellant.

Mark Niedziela, Assistant Prosecutor, argued the cause for respondent (Camelia M. Valdes, Passaic County Prosecutor, attorney; Mark Niedziela, of counsel and on the brief).

PER CURIAM

Defendant appeals from the Law Division's order that denied his petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm.

We incorporate the procedural history and facts set forth in State v. Bease, Docket No. A-5782-11 (App. Div. Jan. 28, 2015), certif. denied, 221 N.J. 566 (2015). The following facts are pertinent to the present appeal.

The charges of attempted murder, aggravated assault, and related weapons offenses against defendant stemmed from the early morning shooting of Alphonso Gee. Id. at 4-6. Gee told a police officer that he was shot by defendant and another man, later identified as co-defendant Corey Cauthen. The shooting occurred when Gee confronted defendant after finding him in the back seat of a car having sex with Gee's wife. Ibid. At trial, Gee identified both defendant and Cauthen as the men who shot him. Id. at 8.

Following a multi-day trial, the jury convicted defendant of all of the charges against him, and Judge Miguel A. de la Carrera sentenced defendant to an aggregate term of sixty years in prison, subject to the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2. Id. at 1-2. Defendant appealed his convictions and sentence, and we affirmed. Id. at 4.

Defendant filed a PCR petition and argued that his attorney provided him with ineffective legal assistance. Specifically, defendant alleged that his

attorney: (1) had a conflict of interest because he previously represented an individual who was defendant's co-defendant in an unrelated case; (2) failed to file a severance motion to force two separate trials for defendant and Cauthen; (3) improperly waived defendant's right to a Sands-Brunson[1] hearing; (4) decided not to cross-examine Gee about a letter he signed that recanted his pre-trial identification of defendant; (5) failed to object when the judge allegedly made "coercive comments" to the jury during its deliberations; and (6) used profanity during his closing statement to the jury to describe what Bease and Gee's wife were doing in the car when Gee discovered them.

Judge de la Carrera considered and rejected each of these contentions. In his thorough written opinion, the judge concluded that defendant failed to satisfy the two-prong test of Strickland v. Washington, 466 U.S. 668, 687 (1984), which requires a showing that trial counsel's performance was deficient and that, but for that deficient performance, the result would have been different.

The judge first reviewed defendant's claim that his trial attorney had an impermissible conflict of interest because he had previously represented an individual named Lewis Alford in a case in which defendant was a co-

---

[1] State v. Sands, 76 N.J. 127 (1978); State v. Brunson, 132 N.J. 377 (1993).

defendant.[2]  Defendant speculated that Alford may have divulged information about defendant which could have affected the trial attorney's ability to sustain undivided loyalty to him.  However, other than this bald assertion, defendant presented no evidence to support this allegation.  As the judge found, Alford submitted an affidavit that did not disclose any of the information he supposedly revealed to defendant's trial attorney.  Instead, Alford stated he "did not provide information implicating Asmar Bease" in any offense involved in the unrelated proceeding.  Therefore, the judge concluded that the trial attorney did not have an impermissible conflict of interest and rejected defendant's contention to the contrary.

Judge de la Carrera next rejected defendant's argument that his trial attorney should have filed a motion to sever Cauthen from the case.  Defendant made no showing that such a motion would have been successful.  Moreover, the judge found that defendant's reason for seeking a severance, his hope that Cauthen would testify in a separate trial that he shot Gee without any involvement by defendant, would not have succeeded because Cauthen had told

---

[2]  Defendant raised this claim for the first time on direct appeal.  Bease, (slip op. at 17-18).  We declined to address this argument and stated that arguments of ineffective assistance of counsel are best addressed through petitions for PCR. Id. at 18.  Contrary to defendant's contention in this appeal, we did not direct the trial court to conduct an evidentiary hearing on defendant's claim.

his own attorney at the time of trial that he had an alibi and was not present at the shooting. See State v. Cauthen, No. A-2789-16 (App. Div. Apr. 27, 2018) (slip op. at 2-3). Under these circumstances, the judge found that defendant's attorney made a sound tactical decision not to seek to sever the two defendants or call Cauthen as a witness at their joint trial.

In his third argument, defendant asserted that his attorney should have requested a Sands/Brunson hearing to determine which of his prior criminal convictions could be raised by the State if defendant testified at the trial. However, Judge de la Carrera found that defendant and his attorney knew that defendant had "a lengthy criminal record" which supported the tactical decision not to put defendant on the witness stand. Therefore, the judge found that defendant's argument on this point did not have "any meat on the bones."

Fourth, defendant argued that his attorney should have cross-examined Gee about a letter Gee signed in which he stated that Bease "was not involved in the crime that was committed to [sic] me . . . nor was he present at the crime scene." Judge de la Carrera found there was an acceptable tactical reason for the attorney to avoid discussing the letter because the State had already attempted to introduce the letter as evidence that Gee feared defendant. When the judge denied the State's request following an evidentiary hearing,

defendant's attorney determined that using the letter while cross-examining Gee would only open the door to this damaging evidence.

The judge next rejected defendant's argument that the judge made "coercive" statements to the jury after it advised the court that it was at an impasse. Judge de la Carrera found that this argument should have been raised on direct appeal. Because it was not, the judge concluded it was barred by Rule 3:22-4(a). In addition, the judge determined that contrary to defendant's contention, the instructions he provided to the jury fully complied with all applicable requirements for this type of jury charge.

Finally, defendant complained that the jury might have taken offense when, during his opening statement, his attorney described the scene where Gee discovered defendant and his wife in a car as follows:

> And the prosecutor says that [Gee] goes looking for [defendant] because he's angry, he's upset. He found his wife in . . . I think he used the phrase an intimate relationship. Well, excuse me, folks, and I apologize and I don't mean to be crude, but we can talk and we can clean things up but what [Gee] finds his wife is he finds her, excuse the phrase, F'n in the back seat of his car.

Judge de la Carrera found that this fleeting remark was not prejudicial and stated that the attorney may have "intentionally used coarse language in order to suggest how inflamed Gee . . . might have been toward [defendant] just before

A-1956-19

the shooting. Again, this is a tactical issue not meriting second-guessing in this [c]ourt's view."

Because defendant failed to establish a prima facie case of ineffective assistance of counsel on any of his claims, the judge determined that an evidentiary hearing was not required. This appeal followed.

On appeal, defendant primarily raises the same arguments that he unsuccessfully presented to Judge de la Carrera.[3] Defendant contends:

> Point I.
>
> Appellant Was Clearly Denied Effective Assistance
> [O]f Counsel And A Hearing Was Required In Aid Of
> A Cogent Resolution.
>
> 1.    Conflict of Counsel.
>
> 2.    Severance.
>
> 3.    Failure To Pursue Dismissal Motion.
>
> 4.    Other Claims.

---

[3] For the first time on appeal, defendant also presents several new contentions, including his claims that his trial attorney was ineffective because he: did not use Gee's medical records during cross-examination of this witness; failed to pursue a motion to dismiss the indictment after receiving Gee's letter purporting to clear defendant of any involvement in the shooting; and exhibited a "general lack of diligence." We have reviewed these unsupported bald assertions and conclude they are without sufficient merit to warrant further discussion. R. 2:11-3(e)(2).

A-1956-19

I. The Roots Of The Right To Effective Counsel And The Applicable Standard of Review.

    1. The Standard Set Forth In <u>Cronic</u> and <u>Strickland</u>.

    2. Counsel's Responsibility To The Accused.

    3. Preparedness Of Counsel Is The Linchpin.

        a. Consultations With The Accused.

        b. Legal Research.

II. Counsel Was Clearly Ineffective.

    1. Particular Failures.

        a. Failure To Request A Sever[a]nce.

        b. Conflict of Interest

        c. Coercive Comments to Deliberating Jurors.

        d. Other Claims.

            i. <u>Sands/Brunson</u> Hearing.

            ii. General Lack Of Diligence.

                a. Recantation Evidence.

                b. Medical Records.

                c. Failure to Resolve Dismissal Motion.

A-1956-19

> d. Prejudicial Deportment.

Point II.

> Errors Of The Trial Court Cumulatively Denied
> Appellant A Fair Trial.

When petitioning for PCR, the defendant must establish, by a preponderance of the credible evidence, that he is entitled to the requested relief. State v. Nash, 212 N.J. 518, 541 (2013); State v. Preciose, 129 N.J. 451, 459 (1992). To sustain that burden, the defendant must allege and articulate specific facts that "provide the court with an adequate basis on which to rest its decision." State v. Mitchell, 126 N.J. 565, 579 (1992).

The mere raising of a claim for PCR does not entitle the defendant to an evidentiary hearing and the defendant "must do more than make bald assertions that he was denied the effective assistance of counsel." State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999). Rather, trial courts should grant evidentiary hearings and make a determination on the merits only if the defendant has presented a prima facie claim of ineffective assistance, material issues of disputed facts lie outside the record, and resolution of the issues necessitates a hearing. R. 3:22-10(b); State v. Porter, 216 N.J. 343, 354 (2013). We review a judge's decision to deny a PCR petition without an evidentiary hearing for abuse of discretion. Preciose, 129 N.J. at 462.

To establish a prima facie claim of ineffective assistance of counsel, the defendant is obliged to show not only the particular manner in which counsel's performance was deficient, but also that the deficiency prejudiced his right to a fair trial.  Strickland, 466 U.S. at 687; State v. Fritz, 105 N.J. 42, 58 (1987). There is a strong presumption that counsel "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment."  Strickland, 466 U.S. at 690.  Further, because prejudice is not presumed, Fritz, 105 N.J. at 52, the defendant must demonstrate "how specific errors of counsel undermined the reliability" of the proceeding.  United States v. Cronic, 466 U.S. 648, 659 n.26 (1984).

Moreover, such acts or omissions of counsel must amount to more than mere tactical strategy.  Strickland, 466 U.S. at 689.  As the Supreme Court observed in Strickland,

> [a] fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy."

A-1956-19

[Strickland, 466 U.S. at 689 (quoting Michel v. Louisiana, 350 U.S. 91, 101 (1955)).]

When a defendant claims that trial counsel inadequately investigated his case, "he must assert the facts that an investigation would have revealed, supported by affidavits or certifications based upon the personal knowledge of the affiant or the person making the certification."  Porter, 216 N.J. at 355 (quoting Cummings, 321 N.J. Super. at 170).  In addition, deciding which witnesses to call to the stand is "an art," and we must be "highly deferential" to such choices.  State v. Arthur, 184 N.J. 307, 321 (2005) (quoting Strickland, 466 U.S. at 689, 693).

Finally, where a defendant asserts his attorney was ineffective by failing to file a motion, he must establish that the motion would have been successful. State v. O'Neal, 190 N.J. 601, 619 (2007).  "It is not ineffective assistance of counsel for defense counsel not to file a meritless motion. . . ."  Ibid.

Having considered defendant's contentions in light of the record and these well-established principles, we affirm the denial of defendant's PCR petition substantially for the reasons detailed at length in Judge de la Carrera's thorough written decision.  We discern no abuse of discretion in the judge's consideration of the issues, or in his decision to deny the petition without an evidentiary

11

hearing. We are satisfied that the trial attorney's performance was not deficient, and defendant provided nothing more than bald assertions to the contrary.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1956-19